Leonard TABACHNIK, Plaintiff–
Appellant,

v.

Bruce DORSEY, Cornell University
Press, Jeffrey S. Lehman,
Defendants–Appellees.

No. 05–6246–cv.

United States Court of Appeals,
Second Circuit.

Dec. 13, 2007.

Leonard Tabachnik, pro se, New York, NY, for Appellant.

Nelson E. Roth (Valerie L. Cross and Wendy E. Tarlow, on the brief), Ithaca, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. BARRINGTON D. PARKER, Circuit Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Leonard Tabachnik appeals from the July 22, 2005 order of the United States District Court for the Southern District of New York (Scheindlin, *J.*), dismissing the complaint for lack of subject matter jurisdiction (pursuant to Federal Rule of Civil Procedure 12(b)(1)) and failure to state a claim (pursuant to Federal Rule of Civil Procedure 12(b)(6)).

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. In the main, Tabachnick claims that a book written by Bruce Dorsey and published by Cornell University Press infringed on Tabachnik's copyright in his 1973 doctoral dissertation, that the Copyright Act, 17 U.S.C. § 106, unconstitutionally prevents Tabachnik from copyrighting facts contained in the dissertation, and that the defendants (along with the national academic community) are part of a racketeering organization engaged in an antitrust conspiracy to prevent the dissertation from being published, in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002).

The copyright infringement claim alleges that Dorsey appropriated the historical facts discussed in Tabachnik's doctoral dissertation. However, "[f]acts, whether alone or as part of a compilation, are not original and therefore may not be copyrighted." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 350, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Ta-

bachnik also excerpts Dorsey's work that allegedly plagiarized the phrasing of the dissertation. Having reviewed those excerpts, we cannot conclude that "a substantial similarity exists between [Dorsey's] work and the protectible elements of [Tabachnik's]," a requirement for any copyright infringement claim. *County of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir.2001).

Tabachnik's antitrust arguments likewise fail to state a claim. A threshold requirement for a private plaintiff under §§ 1 or 2 of the Sherman Act is an allegation of antitrust injury, which entails showing "that the challenged action has had an *actual* adverse effect on competition as a whole in the relevant market; to prove it has been harmed as an individual competitor will not suffice." *George Haug Co. v. Rolls Royce Motor Cars Inc.*, 148 F.3d 136, 139 (2d Cir.1998) (internal citation omitted). Tabachnik's allegations of antitrust injury focus exclusively on the academy's failure to publish his own dissertation.

Finally, Tabachnik's constitutional challenge to the Copyright Act is without merit.

For failure to state a claim, as set forth above, the judgment of the district court is hereby **AFFIRMED** with prejudice.

---

1. Judge Richard C. Wesley, originally a member of this panel, recused himself from this case. The remaining two members of the Panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).